IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WHEEL PROS, L.L.C., <br>     Plaintiff, | § <br> § <br> § | |
| v. | § | Civil Action No. 3:14-CV-4230-M-BK |
| | § | |
| WHEELS OUTLET, INC., <br> ABDERRAZAK NAIM a/k/a ABDUL, <br> NAIM, and DOES 1-25, <br>     Defendants. | § <br> § <br> § <br> § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Upon entry of default judgment, this case was referred to the magistrate judge "for hearing and determination of the monetary damages owed by Defendants Wheels Outlet, Inc. and Abdul Naim." Doc. 16.

On June 25, 2015, an evidentiary hearing was held. Plaintiff and Defendants appeared by counsel and offered evidence and testimony at the hearing on the issues of damages and attorneys' fees. While Plaintiff offered testimony and exhibits regarding attorneys' fees, its evidence on the issue of damages was limited to affidavits, to which Defendants objected as being inadmissible hearsay. The Court carried Defendants' hearsay objections, pending the parties' submission of post-hearing briefs and the Court's determination on the merits.

**A. DAMAGES**

Plaintiff seeks an award of treble its actual damages of $12,000.00. Doc. 37 at 5. Plaintiff avers that outside of the information contained in the affidavits submitted to the Court, it was unable to uncover any additional evidence of sales, since Defendants refused to admit they sold any authentic or counterfeit XD wheels in 2014. Doc. 37 at 5. Defendants argue that

Plaintiff's affidavits cannot support an award of damages because they are inadmissible hearsay. Doc. 36 at 6, 11.

### *Hearsay objections sustained*

Upon review of the parties' briefs and the applicable law, Defendants' hearsay objections are sustained.  "[A] statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement" is hearsay.  FED. R. EVID. 801(b).  Hearsay is inadmissible unless an exception is provided by the Federal Rules of Evidence, other federal statute, or "other rules prescribed by the Supreme Court."  FED. R. EVID. 802.  In this instance, Plaintiff's affidavits are out-of-court statements, most of which are offered to prove the truth of the matters asserted therein and, thus, constitute hearsay under the Federal Rules of Evidence.

Although Plaintiff specifically requested an opportunity to respond to Defendants' hearsay objections, Plaintiff does not argue that the affidavits do not contain hearsay or that any exception to the hearsay rule applies to their admission.[1]  Instead it contends that the Court may rely on detailed affidavits or documentary evidence to determine monetary damages in default judgment cases, contending that while live testimony can be presented, it is not required.  Doc. 37 at 1.  In each of the cases they cite, however, no objection was lodged by the opposing party. Indeed, in each instance, either the Court did not hold a damages hearing or the opposing party was not present at the hearing.  See *Ho v. Xpress Pho, LLC*, No. 14-CV-0533-B, 2015 WL

---

[1] Plaintiff addresses, in a footnote, only one type of hearsay statement contained in the affidavits, and failed to fully respond to Defendants' objection to the admission of the total substance of all the affidavits.  Doc. 37 at 2 n.2.  In their footnote, they argue that statements in some affidavits that Plaintiff "was alerted" that Defendants were selling counterfeit wheels are not hearsay since they are not relevant to issue of damages or offered for their truth, but only to provide context. Doc. 37 at 2 n.2.  While Plaintiff is correct about this limited issue, *see* FED. R. EVID. 801(b), it nonetheless fails to respond to Defendants' objections to the admission of the affidavits as proof on the substantive issue of damages.

1810339, at *2 (N.D. Tex. Apr. 20, 2015) (Boyle, J.) (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)) (holding that plaintiff's complaint was not well-plead for default judgment purposes; the court did not did not hold a damages hearing); *United*, 605 F.2d at 857 (determining that the district court should have held a damages hearing); *Yelp Inc. v. Catron*, 70 F. Supp. 3d 1082, 1090 (N.D. Cal. 2014) (defendant did not appear at the hearing to contest default judgment or damages); *Adkins v. Teseo*, 180 F. Supp. 15, 17-18 (D.D.C. 2001) (the court did not did not hold a damages hearing because the damages computation was certain). Had Plaintiff been ready to proceed on the issue of damages at the time the default judgment was granted, the result would likely have been the same here.  However, Defendants did appear at the evidentiary hearing post-default judgment and objected to the evidence submitted by Plaintiff. The Court notes that Plaintiff's counsel did not request a continuance of the hearing upon learning that it would be contested.

Because Defendants' hearsay objections are sustained, the Court has not relied on the factual assertions in the affidavits in determining Plaintiff's entitlement to damages.

### *Damages calculation*

Plaintiff requests actual damages in the amount of $12,000.00.  Plaintiff attributes its lack of evidence to support such award to Defendants' failure to produce evidence and failure to participate in the judicial process.  Doc. 37 at 5.  Defendants counter that Plaintiff has not offered any competent evidence of damages or of Defendants' profits.  Doc. 36 at 16.

 "'A default judgment is a judgment on the merits that conclusively establishes the defendant's liability.  But it does not establish the amount of damages.'" *Mancia v. JJ Chan Food, Inc.*, No. 3:12-CV-2467-L, 2015 WL 5179017, at *1 (N.D. Tex. Sept. 4, 2015) (Lindsay, J.) (quoting *United States v. Shipco Gen.*, 814 F.2d 1011, 1014 (5th Cir. 1987)).  15 U.S.C. §

1117(a) provides that when a violation of any rights under 15 U.S.C. § 1125(a) has been established, the plaintiff shall be entitled to recover: "(1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action."

Plaintiff proposes that the calculation of actual damages be based on the assumed sale of one set of four counterfeit wheels per week during the 12-week time period between the known counterfeit sales, at $230 per wheel, amounting to roughly $12,000.00. Doc. 37 at 5. While included in one of the affidavits is the statement of Defendant Naim that does lend some support to this calculation, the affidavit containing it is <u>not</u> subject to any exception to the hearsay exclusion rule. Defendant Naim's statement likely would have been admissible as the statement of a party-opponent, *see* FED. R. EVID. 801(d)(2), had the person who witnessed the alleged admission actually been called to testify to it. Doc. 37 at 5.

As indicated herein, the competent evidence does not support Plaintiff's request for $12,000.00 in actual damages. Other than the excluded affidavits, Plaintiff has offered no evidence of either its damages or Defendants' profits from its sales of merchandise bearing counterfeit marks. Plaintiff's mere assertions are insufficient. *See Henson v. Young 3, LLC*, No. 14-CV-905-B, 2015 WL 356890, at *4 (N.D. Tex. Jan. 28, 2015) (Boyle, J.) ("the Court would still be reluctant to award Plaintiff damages at this time, because Plaintiff has provided nothing other than her own terse declarations in support"). Additionally, other courts have held that damages should be established with "reasonable certainty" and should not be awarded unless there is a showing of some injury to plaintiff. *See, e.g., Digby Adler Group LLC v. Image Rent a Car, Inc.*, 79 F. Supp. 3d 1095, 1109 (N.D. Cal. Feb. 6, 2015) ("Trademark remedies are guided by tort law principles.... As a general rule, damages which result from a tort must be established

with reasonable certainty.") (citing *Lindy Pen Co. v. Bic Pen Corp.,* 982 F.2d 1400, 1407 (9th Cir.1993)).  Accordingly, Plaintiff is not entitled to an award of actual damages.

The Court looks to 15 U.S.C. § 1117(b) for the standard governing the award of treble damages.  It provides that "the court shall, unless the court finds extenuating circumstances, enter judgment for three times such profits or damages, whichever is greater."  Because, as explained *supra*, Plaintiff has failed to prove it sustained any actual damages or that Defendants profited, it is likewise not entitled to treble damages.

Next, the Court considers if Plaintiff is entitled to statutory damages for Defendants' use of counterfeit marks.  Section 1117(c) states, in relevant part:

> the *plaintiff may elect, at any time before final judgment is rendered* by the trial court, to recover, *instead of actual damages and profits* under subsection (a) of this section, an award of statutory damages for any such use in connection with the sale, offering for sale, or distribution of goods or services in the amount of-
>
> (1) not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just; or
>
> (2) if the court finds that the use of the counterfeit mark was willful, not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just.

15 U.S.C. § 1117(c) (emphasis added).

Here, Plaintiff did not elect to recover statutory damages prior to the Court's entry of final judgment as required by statute.  In *Plaintiff's Original Complaint*, filed December 1, 2014, Plaintiff requested both statutory damages and actual damages.  Doc. 1 at 10, 13.  The clear language of the statute requires a plaintiff to elect either actual damages or statutory damages.  15 U.S.C. § 1117(c); *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 110 (2nd Cir. 2012) ("In 1996, Congress ... amended section 1117 to add subsection (c), providing for the

alternative of statutory damages.... [T]he Act ... allows trademark plaintiffs to elect to recover statutory damages in counterfeit cases in lieu of actual damages [.]"). Plaintiff also made no election of statutory damages in *Plaintiff's Motion for Entry of Default and Default Judgment*, filed January 14, 2015. Doc. 12. *Cf. Rolex Watch U.S.A., Inc. v. Mills*, No. 3:12-CV-00061-L, 2012 WL 5903782, at *2 (N.D. Tex. Nov. 26, 2012) (Lindsay, J.) (plaintiff requested an award for statutory damages in the motion for default judgment); *Coach, Inc. v. Linda's Accesorios Y Cellulares*, No. 3:11-CV-0496-L, 2011 WL 2601525, at *1 (N.D. Tex. June 30, 2011) (Lindsay, J.) (same); *Santander Consumer USA Inc. v. Girdner*, No. 3:09-CV-866-L, 2009 WL 4251123, at *1 (N.D. Tex. Nov. 30, 2009) (Lindsay, J.) (same). Plaintiff merely requested that the Court hold a hearing to determine the amount of damages to which it is entitled. Doc. 12 at 2-3.

 Because Plaintiff failed to elect an award of statutory damages in lieu of actual damages before the Court entered its final judgment on January 28, 2015, Doc. 16, it is also not entitled to statutory damages. *See Kiva Kitchen & Bath Inc. v. Capital Distributing Inc.*, 319 Fed.Appx. 316, 319 (5th Cir. 2009) (holding that plaintiff's selection of remedy is proper as long as it was made prior to final judgment). Accordingly, the Court will not award Plaintiff any statutory damages.

## B. ATTORNEYS' FEES AND COURT COSTS

The Lanham Act gives the Court the discretion to award attorneys' fees to the prevailing party in exceptional cases. 15 U.S.C. § 1117(a). The Fifth Circuit has held that "the exceptional case is one in which the defendant's trademark infringement can be characterized as 'malicious,' 'fraudulent,' 'deliberate,' or 'willful.'" *Tex. Pig Stands, Inc. v. Hard Rock Cafe Int'l, Inc.*, 951 F.2d 684, 697 (5th Cir. 1992). The exceptional nature of the case must be demonstrated by the prevailing party with clear and convincing evidence. *March Madness Athletic Ass'n LLC v.*

*Netfire Inc.*, 120 Fed. Appx. 540, 546 (5th Cir. 2005).  A defendant's actions are willful if the defendant knows that his actions constitute an infringement.  *S & H Industries, Inc. v. Selander*, 932 F. Supp. 2d 754, 767 (N.D. Tex. 2013) (Ramirez, J.) (recommendation accepted, Lynn, J.).

      Here, Plaintiff submitted testimony and billing records detailing its attorneys' fees and court costs.  Plaintiff requests $65,437.50 for 277.1 total hours of work performed from November 24, 2014, until July 10, 2015 and $1,120.00 in court costs.  Doc. 38-1 at 2; Doc. 38-2.  The hourly billing rate for partner, Susan Egeland is $300.00 per hour, for associate Matthew Sapp, $225.00 per hour, and for each of the three paralegals utilized, $125.00/hour.  Doc. 38-1 at 2.  Egeland has approximately 12 years of experience as a licensed attorney in Texas, while Sapp has approximately 6 years of experience.  Doc. 38-1 at 1.  Defendants do not challenge the hourly rates charged by Plaintiff's counsel, the time expended, or the court costs; Defendants only argue that Plaintiff's case is not exceptional.  Doc. 36 at 25.

      By virtue of the default judgment against them, Defendants are precluded from contesting the well-pleaded, non-conclusory, allegations in the Complaint, which now are deemed fact.  *J&J Sports Prod., Inc. v. Zeqiri*, No. 3:14-CV-4216-B, 2015 WL 5916693, at *2 (N.D. Tex. Oct. 7, 2015) (Boyle, J.) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank* , 515 F.2d 1200, 1206 (5th Cir. 1975)).  Those well-pleaded allegations are that on July 7, 2014, Plaintiff "trap purchased" a counterfeit version of Plaintiff's wheel from Defendants, and one day later sent Defendants a cease-and-desist letter by registered mail.  Doc. 1 at 6.  The cease-and-desist letter was accepted and signed for.  Doc. 1 at 6.  On November 20, 2014, about three months later, a customer complained to Plaintiff that Defendants continued to sell counterfeit versions of Plaintiff's wheel.  Doc. 1 at 6.  Plaintiff has never been affiliated with Defendants, and has never authorized the sell or use of its wheel by Defendants.  Doc. 1 at 6.

The Court finds that by virtue of the continued sale of the counterfeit wheels after receipt of the cease-and-desist letter, Plaintiff has established that Defendants' actions were willful, making this case exceptional. *S & H Industries, Inc.*, 932 F. Supp. 2d at 767 ("Ignoring a cease-and-desist letter may constitute willful and deliberate conduct."). Defendants became aware of Plaintiff's interest, Doc. 1-7, yet continued to unlawfully sell the counterfeit wheels. This evinces a complete disregard for Plaintiff's rights and interests. Moreover, the Court finds that, based on the similarity of the counterfeit mark to that registered to Plaintiff, Defendants were deliberately attempting to pass off their product as Plaintiff's. Accordingly, Plaintiff is entitled to attorneys' fees under the statute.

In the Fifth Circuit, a two-step process is employed to determine the amount attorneys' fees to be awarded. *Jimenez v. Wood Cnty., Tex.*, 621 F.3d 372, 379 (5th Cir. 2010) (citing *Rutherford v. Harris Cnty., Tex.*, 197 F.3d 173, 192 (5th Cir. 1999)). The first step is the lodestar calculation, "which is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work." *Id.* In this case, having carefully analyzed the billing statements, including the descriptions of the tasks performed, the Court finds the time spent performing necessary work in this case is also reasonable. The Court further finds reasonable the hourly rates charged by Plaintiff's counsel. The Court also finds no reason to adjust the fees sought. *See Johnson v. Ga. Hwy. Exp., Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). (providing for downward or upward adjustment of the fee based on a number of enumerated factors including the time and labor required for the litigation, the novelty and difficulty of the questions presented, the skill required to perform the legal services properly, and the experience, reputation, and ability of the attorneys).

Accordingly, Plaintiff should be awarded $65,437.50 in attorneys' fees and $1,120.00 in court costs, totaling $66,557.50.

### C. RECOMMENDATION

For the reasons stated above, Plaintiff should not be awarded any damages. However, Plaintiff should be awarded attorneys' fees in the amount of $65,557.50, and court costs of $1,120.00.

**SIGNED** on March 9, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE